IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-HC-2153-D

DANIEL ERIC COBBLE,  )
)
Petitioner,  )
)
v.  )  **ORDER**
)
KENNY ATKINSON, et al.,  )
)
Respondents.  )

On June 7, 2018, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R"), [D.E. 16], and recommended denying Daniel Eric Cobble's ("Cobble") motions for injunctive relief, [D.E. 14, 15], and dismissing without prejudice Cobble's 28 U.S.C. § 2241 petition. Cobble objected to the M&R, [D.E. 22], and renewed his requests for injunctive relief [D.E. 19, 20].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

Cobble's objections and related filings are rambling, disjointed, and, at times, illegible. Cobble's filings do not meaningfully address the M&R. Because Cobble's objections fail to meaningfully address the M&R, de novo review is not required. See, e.g., Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.

1982).

Alternatively, Cobble's objections lack merit. First, the court instructed Cobble to particularize his petition by using the proper form to concisely state his grounds for relief [D.E. 11]. Cobble's subsequent filings do not comply with the court's directives, and his petition could be dismissed for that reason alone.

Moreover, Cobble's petition and motions for injunctive relief challenge the validity of proceedings in the Middle District of Georgia. Specifically, on November 14, 2014, Cobble was indicted on three counts of mailing threatening communications in the United States District Court for the Middle District of Georgia. United States v. Cobble, No. 5:14-CR-77-CDL-CHW (M.D. Ga. Nov. 14, 2014), [D.E. 1].[1] The Middle District of Georgia subsequently found that there was reasonable cause to believe that Cobble was "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Id. [D.E. 28]. Accordingly, under 18 U.S.C. §§ 4241, 4242, and 4247(b) and (c), the court directed the Federal Bureau of Prisons to designate at least one qualified psychiatrist or psychologist to examine Cobble and file a written report. Id. On February 13, 2017, after receiving several psychiatric reports, the Middle District of Georgia found Cobble to be incompetent and committed him to the custody of the Attorney General "to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit these proceedings to go forward." Id. [D.E. 173] 4. Cobble appealed. In February 2018, the United States Court of Appeals for the Eleventh Circuit affirmed the determination that Cobble was mentally incompetent to proceed. Id. [D.E. 240].

---

[1] In December 2015, a grand jury issued a superseding indictment also alleging three counts of mailing threatening communications. Cobble, No. 5:14-CR-77-CDL-CHW, [D.E. 70].

2

Cobble received an evaluation at the Federal Medical Center in Butner, North Carolina ("FMC Butner"), and he has since returned to the Middle District of Georgia. See, e.g., id., [D.E. 245]; see also [D.E. 18]. While at FMC Butner, Cobble filed the instant petition and related motions challenging the ongoing proceedings in the Middle District of Georgia. See, e.g. Pet. [D.E. 1]. The Middle District of Georgia conducted a hearing on July 16, 2018, and determined that Cobble was now competent to stand trial. Cobble, Case No. 5:14-CR-77-CDL-CHW, [D.E. 251]. After being found competent, Cobble elected to proceed pro se. Id.[2] Proceedings have resumed in Cobble's underlying criminal case, and he has flooded the Middle District of Georgia with pretrial motions. See, e.g., id. [D.E. 253–571]. Cobble has appealed the disposition of his pretrial motions to the Eleventh Circuit. See, e.g., id. [D.E. 575, 576]. His trial is scheduled for February 11, 2019. Id. [D.E. 571] 14.

To the extent that Cobble challenges his commitment under 18 U.S.C. § 4241, his claims are moot because he has been deemed competent and is no longer committed under that statute. To the extent that Cobble challenges the ongoing criminal proceedings in the Middle District of Georgia, his claims are unexhausted and premature. Jones v. Perkins, 245 U.S. 390, 391–92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.").

In sum, after reviewing the M&R, the record, and Cobble's objections, the court OVERRULES Cobble's objections [D.E. 22], ADOPTS the conclusions in the M&R [D.E. 16],

---

[2] The Middle District of Georgia appointed standby counsel for Cobble. Cobble, Case No. 5:14-CR-77-CDL-CHW, [D.E. 251]. Due to Cobble's abusive filing, the Middle District of Georgia later ruled that "that standby counsel . . . shall act as active appointed counsel for pretrial purposes and shall act as standby counsel at trial." Id. [D.E. 571] 12. Cobble's appeal to the Eleventh Circuit of that ruling is pending. Id. [D.E. 575].

3

DENIES Cobble's requests for injunctive relief [D.E. 14, 15, 19, 20], and DISMISSES Cobble's petition without prejudice. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). The clerk shall close the case.

SO ORDERED. This 15 day of October 2018.

JAMES C. DEVER III
United States District Judge